IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMELIA PETERSHEIM            )
                             )
            Plaintiff,        )        No. 1:06-cv-900 (RWR)
                             )
        v.                   )
                             )
UNITED STATES,               )
                             )
            Defendant.        )

## MOTION TO VACATE ENTRY OF DEFAULT AND
## MOTION TO DISMISS

DEFENDANT, the United States of America, by and through its attorneys and

pursuant to Fed. R. Civ. P. 55(c) , moves for relief from the default entered by the Clerk

in this case on September 29, 2006 and an order dismissing plaintiff's complaint

As grounds for this motion, the United States asserts that the default must be

vacated and the case dismissed because the Court lacks subject matter jurisdiction over

the complaint, due to plaintiff's failure to exhaust administrative remedies.

The foregoing ground for relief are more fully set forth and discussed in a

memorandum of law served and filed herewith.

The specific relief sought by this motion is vacation of the default entered on

September 29, 2006, and dismissal of plaintiff's complaint.

Date: October 24, 2006.                Respectfully submitted,

                                        /s/ Pat S. Genis
                                        PAT S. GENIS, #446244
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, D.C.  20044
                                        Telephone/FAX: (202) 307-6390/514-6866
                                        Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

1985312.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMELIA PETERSHEIM          )
                           )
          Plaintiff,       )          No. 1:06-cv-900 (RWR)
                           )
     v.                    )
                           )
UNITED STATES,             )
                           )
          Defendant.       )

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT
AND MOTION TO DISMISS**

This is a civil action in which plaintiff seeks damages for alleged "wrongful collection" of federal taxes.  Plaintiff also seeks a determination that "defendants' principals, officers, agents, and/or employees" disregarded various provisions of the Internal Revenue Code and its implementing regulations in their tax collection efforts, and an order enjoining them "to amend the reprehensible, egregious, and vexatious behavior."

QUESTION PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff, declaratory and injunctive relief.  The complaint fails to allege that plaintiffs filed claims for damages from "wrongful collection" of taxes.  Does the Court have jurisdiction under these circumstances?

## STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Amelia Petersheim filed a complaint on September 12, 2005 alleging that the Internal Revenue Service violated various provisions of the Internal Revenue Code and its implementing regulations.  (Case No. 05-1815.)  The United States filed a motion to dismiss on March 3, 2006; plaintiff filed her opposition on March 23, 2006; and the United States filed a reply on April 5, 2006. The case having been fully briefed, the Court dismissed the complaint on April 7, 2006 for ineffective service of process.

Plaintiff filed this second complaint on May 10, 2006.  The United States' answer was due on or before July 24, 2006.  United States counsel, however, mistakenly thought that the Court dismissed this action on July 11, 2006.  Upon notice that a default had been entered, counsel reviewed the file and realized that the dismissal was in a similar action, *Brandt v. United States*, Civil Action No. 6-1199.<u>1</u>/

2. <u>The entry of default</u>.  This Court had issued a show cause order on August 26, 2006, inquiring why plaintiff had not requested a default against the United States. Plaintiff filed an affidavit for default on September 29, 2006, and the Clerk entered the default on September 29, 2006.

---

<u>1</u>/    It may seem odd that counsel could have made such an error.  But the court in *Brandt* dismissed that case *sua sponte* on the grounds that the second complaint contained the same allegations as the first, dismissed, complaint.  Plaintiff's second complaint, one of 108 similar complaints filed in this district over the last year, also alleges basically the same facts and prayers for relief as her first, dismissed, complaint. Thus, it did not seem unlikely that the Court dismissed plaintiff's second complaint. Still, the mistake is regrettable.

3. <u>Relief sought in the complaint</u>.  Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code.  (Compl. Counts 1-28.)  Plaintiff seeks damages under 26 U.S.C. § 7433. (Compl. Remedy Sought at ¶ 30 A.)  Plaintiff also seeks a determination that the Internal Revenue Service violated the Internal Revenue Code and its implementing regulations, and an injunction requiring the Internal Revenue Service "to amend the reprehensible, egregious and vexatious behavior." <u>2</u>/  (Compl. Remedy Sought at ¶¶ 29; 30C.)

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S DAMAGES CLAIM, DUE TO HER FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. at ¶ 30.)  This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d

---

2/  Plaintiff's claims for declaratory and injunctive relief are barred.  Declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.  Injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

1825787.1

1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.)

provides the predicates for the United States' waiver of sovereign immunity with

respect to suits for wrongful collection actions. The Court lacks jurisdiction over the

plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, a taxpayer must exhaust his

administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

1825787.1

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiff asserts, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), that she falls within an "exception" to the requirement to exhaust administrative remedies.  (Compl. III. ¶ 9.)  She asserts that the Internal Revenue Service has "articulated a very clear position . . . [it] would be  unwilling to reconsider." (*Ibid.*) Plaintiff fails to assert that she attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages. Therefore, plaintiff has not met her burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.3/

---

    3/    The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is, in fact, jurisdictional.  Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit.  Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-
(continued...)

1825787.1

3/    (...continued)
recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

The United States' position is supported by the legislative history of section 7433(d) and its implementing regulations. Both the House Ways and Means Committee Report and the Senate Finance Committee Report for the Taxpayer's Bill of Rights (TBOR) IIIprovide that "no person is entitled to seek civil damages . . . in a court of law unless he first exhausts their administrative remedies," H.R. Rep. 105-356, 105th Cong., 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105th Cong. 2d Sess. (April 22, 1998). Plainly, Congress intended to make exhaustion a jurisdictional requirement.

The regulations implementing section 7433 provides that no action can be maintained in federal court until after an administrative claim has been denied or 6 months after an administrative claim has been filed. Thus, the implementing regulations makes exhaustion of administrative remedies a prerequisite for filing an action, and thus jurisdictional. It is well settled that a court should ordinarily defer to the regulation if it "implement[s] the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307 (1967); *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979). A regulation carries out the congressional mandate if it "harmonizes with the plain language of the statute, its origin, and its purpose." *National Muffler*, 440 U.S. at 477. And, "the choice among reasonable interpretations is for the commissioner, not the courts." *Id.* This Circuit has recognized

(continued...)

1825787.1

CONCLUSION

It is the position of the United States that the Clerk's entry of default should be

vacated, and plaintiff's complaint should be dismissed.4/

Date: October 24, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone/FAX: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

3/    (...continued)
that the Commissioner's interpretation of a statute is valid and entitled to deference if it
evidences a reasonable interpretation necessary to implement a congressional mandate.
*See*, *Boulez v. Comm'r*, 810 F.2d 209 (D.C. Cir. 1987).  Since both the legislative history
and the implementing regulations for section 7433 evince a determination that failure to
exhaust administrative remedies is jurisdictional, this Court should defer to this
interpretation, and dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

Nevertheless, even if the Court determines that exhaustion of administrative
remedies is not jurisdictional, the Court should dismiss plaintiffs' complaint for failure
to state a claim for which relief can be given, as set forth in *Turner*.

4/    As the foregoing indicates, plaintiff cannot establish a claim for right or
right to relief.  Therefore, the Court should vacate the entry of default because under
Fed.R.Civ.P. 33(e), "[n]o judgment by default shall be entered against the United States .
. . unless the claimant establishes a claim or right to relief by evidence satisfactory to the
Court."  Fed.R.Civ.P. 55(e).

1825787.1

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the United States' ENTRY OF APPEARANCE,

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO VACATE ENTRY

OF DEFAULT AND MOTION TO DISMISS which will be filed electronically and

available for viewing and downloading from the Court's ECF system, was served upon

plaintiff *pro se* on October 24, 2006, by depositing a copy thereof in the United States

mail, postage prepaid, addressed as follows:

> Amelia Petersheim
> Plaintiff *pro se*
> 3160 Mason School Road
> Oakland, MD 21550

　　　　　　　　　　　　　　　　　　/s/　　Pat S. Genis
　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244

8

1825787.1