UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
AMELIA PETERSHEIM,                )
                                  )
          Plaintiff,              )
                                  )
          v.                      )    Civil Action No. 06-900 (RWR)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )
_____  )


MEMORANDUM OPINION

     Pro se plaintiff Amelia Petersheim has sued the United

States for damages under 26 U.S.C. § 7433, alleging violations of

the Internal Revenue Code by agents of the Internal Revenue

Service ("IRS") in the collection of taxes from her.  The

government has filed a motion to vacate the clerk's entry of

default against it and to dismiss the complaint under Federal

Rule Civil Procedure 12(b).  Because the government has shown

good cause why the default should be set aside and because

Petersheim did not exhaust her mandatory administrative remedies,

the government's motion will be granted.

BACKGROUND

     On September 12, 2005, Petersheim filed her first complaint

against the United States alleging violations of various

provisions of the Internal Revenue Code.  The government

successfully moved to dismiss the complaint for ineffective

service of process.  On May 10, 2006, Petersheim filed a second

-2-

complaint that was nearly identical to the first complaint.

Because the government did not answer or otherwise respond to the

complaint and Petersheim had not requested an entry of default

against the government, an order was issued directing Petersheim

to show cause why the case should not be dismissed for failure to

prosecute.  Petersheim responded by filing an affidavit for

default and the Clerk entered default against the government.

The government filed a motion to vacate the clerk's entry of

default and to dismiss the complaint.[1]

DISCUSSION

I.   MOTION TO VACATE ENTRY OF DEFAULT

    "For good cause shown the court may set aside an entry of

default . . . ."  Fed. R. Civ. P. 55(c); see Guthery v. United

States, Civil Action No. 06-176 (EGS), 2007 WL 259940, at *1

(D.D.C. Jan. 30, 2007) ("As long as judgment has not yet been

entered, . . . the Court can set aside the default for good cause

---

    [1] Although the government characterized its motion relating
to exhaustion of remedies as one for lack of subject matter
jurisdiction under Rule 12(b)(1), failure to exhaust
administrative remedies is more properly analyzed as a failure to
state a claim under Rule 12(b)(6).  Arbaugh v. Y&H Corp., 126 S.
Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory
limitation on [the statute's] coverage as jurisdictional, courts
should treat the restriction as non-jurisdictional in
character."); Turner v. United States, Civil Action No. 05-1716
(JDB), 2006 WL 1071852, *3-4 (D.D.C. Apr. 24, 2006) (applying
Arbaugh to analyze a failure to exhaust administrative remedies
as an element of a claim).  Here, the government's motion to
dismiss for lack of subject matter jurisdiction will be construed
and analyzed as a motion to dismiss for failure to state a claim
upon which relief may be granted.

-3-

shown." (citation and internal quotation marks omitted)).

"Though the decision lies within the discretion of the trial

court, exercise of that discretion entails consideration of

whether (1) the default was willful, (2) a set-aside would

prejudice plaintiff, and (3) the alleged defense was

meritorious." Keegel v. Key West & Carribean Trading Co., 627

F.2d 372, 373 (D.C. Cir. 1980) (citations and internal quotation

marks omitted).  "On a motion for relief from the entry of a

default . . ., all doubts are resolved in favor of the party

seeking relief." Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir.

1980).

    The government claims that it failed to timely answer

Petersheim's complaint because it mistakenly believed that this

case was dismissed by the court sua sponte.  (Mem. in Supp. of

U.S.'s Mot. to Vacate Entry of Default & Mot. to Dismiss ("Mot.

to Dismiss") at 2.)  The government explains that in a similar

action, Brandt v. United States, Civil Action No. 06-1199 (ESH),

one of over 100 nearly identical complaints that have been filed

in the district court over the last year,[2] plaintiff's second

complaint was dismissed by the court sua sponte because it

contained the same allegations as those in the first dismissed

---

    [2] See, e.g., McReynolds v. United States, Civil Action No.
06-924 (JR), 2007 WL 521889 (D.D.C. Feb. 14, 2007), Guidetti v.
United States, Civil Action No. 06-476 (JR), 2007 WL 521891
(D.D.C. Feb. 14, 2007).

-4-

complaint.  (See id.)  As in Brandt, Petersheim's second
complaint contained the same allegations as those in her first
complaint.  The government thus oddly rationalized that "it did
not seem unlikely that the Court dismissed plaintiff's second
complaint" in this case.  (Mot. to Dismiss at 2 n.1.)  The
government's failure to respond timely in this case may have been
careless, but there is no evidence that it was willful.  Setting
aside the entry of default will not prejudice the plaintiff since
the government has a meritorious defense to this complaint, as is
discussed below.  Thus, the government has shown good cause why
the clerk's entry of default should be vacated.

II.  MOTION TO DISMISS

     In considering a motion to dismiss for failure to state a
claim upon which relief may be granted, a court must accept all
the allegations in a plaintiff's complaint as true and construe
them in the light most favorable to the plaintiff.  Jungquist v.
Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C.
Cir. 1997).  "Dismissal under Rule 12(b)(6) is proper when,
taking the material allegations of the complaint as admitted, and
construing them in plaintiff's favor, the court finds that the
plaintiff has failed to allege all the material elements of his
cause of action."  Weyrich v. The New Republic, Inc., 235 F.3d
617, 623 (D.C. Cir. 2001) (internal citations omitted).  Stated
differently, a dismissal for failure to state a claim upon which

-5-

relief may be granted is proper "only if it is clear that no
relief could be granted under any set of facts that could be
proved consistent with the allegations."  Hishon v. King &
Spalding, 467 U.S. 69, 73 (1984).

Section 7433 of the Internal Revenue Code authorizes a
taxpayer to bring a civil action for damages against any officer
or employee of the IRS who "recklessly or intentionally, or by
reason of negligence disregards any provision" of the Code or its
implementing regulations, but also provides that "[a] judgment
for damages shall not be awarded . . . unless the court
determines that the plaintiff has exhausted the administrative
remedies available to such plaintiff within the Internal Revenue
Service."  28 U.S.C. § 7433(a) & (d)(1).  Prior to filing a civil
action for damages, an aggrieved taxpayer must submit her claim
"in writing to the Area Director, Attn: Compliance Technical
Support Manager[,] of the area in which the taxpayer currently
resides," and must include:

> (i) The name, current address, current home and work
> telephone numbers and any convenient times to be
> contacted, and taxpayer identification number of the
> taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim
> (include copies of any available substantiating
> documentation or correspondence with the Internal
> Revenue Service);

> (iii) A description of the injuries incurred by the
> taxpayer filing the claim (include copies of any
> available substantiating documentation or evidence);

-6-

(iv) The dollar amount of the claim, including any
damages that have not yet been incurred but which are
reasonably foreseeable (include copies of any available
substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized
representative.

26 C.F.R. § 301.7433-1(e).  Only if such a claim is filed may the
taxpayer proceed to file suit in federal district court pursuant
to 26 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1)&(2).[3]

Petersheim does not claim that she followed the procedures
set forth in § 301.7433-1(e).  Rather, she contends that Federal
Rule of Civil Procedure 8 "do[es] not require a claimant to set
out in detail the facts upon which he bases his claim."  (Pl.'s
Opp'n at 5.)  Rule 8 requires "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  Petersheim could be entitled to relief under 26
U.S.C. § 7433(a) only if she pleads or demonstrates that she has
satisfied § 7433's exhaustion requirement.  She has done neither.

Petersheim further argues that "[f]ailure to exhaust
administrative remedies is not a grounds [sic] upon which the
court may dismiss the instant matter . . . ."  (Pl.'s Opp'n at
6.)  She claims that the exhaustion requirement does not apply
where an adverse decision is certain, and in particular, where

_____

[3] For a period between 1996 and 1998, failure to exhaust
the administrative remedies did not act as a bar to a civil
action, but since 1998 it has acted as a bar.  See Evans v.
United States, Civil Action No. 06-32 (JDB), 2006 WL 1174481, at
*2 (D.D.C. May 4, 2006).  Petersheim filed this suit in 2006.

-7-

the agency has articulated a clear position on an issue and has
demonstrated an unwillingness to reconsider.  (See Compl. at ¶ 7
(citing Randolph-Sheppard Vendors of Am. v. Weinberger, 795
F.2d 90, 105 (D.C. Cir. 1986).)  However, neither the statute nor
the implementing regulation provides an adverse decision
exception to the requirement to exhaust administrative remedies.
Where, as here, exhaustion is a statutory mandate, a court may
not carve out an exception unsupported by the statutory text.
See McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (stating that
"[w]here Congress specifically mandates, exhaustion is
required"); Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-
48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate
exhaustion, a court cannot excuse it") (citing Shalala v. Ill.
Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)).
Moreover, even under circumstances in which the exhaustion
requirement is not explicitly mandated by statute, an implied
"exhaustion requirement may be waived in 'only the most
exceptional circumstances.'  . . .  Even the probability of
administrative denial of the relief requested does not excuse
failure to pursue [the administrative remedies]."  Randolph-
Sheppard Vendors of Am., 795 F.2d at 106 (citations omitted).
Accordingly, Petersheim's argument that she was not required to
exhaust the administrative remedies prescribed by the regulation
must fail.

-8-

<u>CONCLUSION</u>

The government has shown good cause why the clerk's entry of default should be vacated.  Moreover, Petersheim did not exhaust her administrative remedies and therefore cannot state a claim upon which relief can be granted.  Therefore, the government's motion to vacate the entry of default and to dismiss the complaint will be granted.  A separate order accompanies this Memorandum Opinion.

SIGNED this 13th day of March, 2007.


                                    /s/
                         _____
                         RICHARD W. ROBERTS
                         United States District Judge